UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRYSTAL HARDEN,

                              Plaintiff,

v.                                                  Civil Action No. _____

PENNCRO ASSOCIATES, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Crystal Harden is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Penncro Associates, Inc., (hereinafter "Penncro") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

1

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt from an auto loan from Fairlane Credit, LLC. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Fairlane Credit, LLC to collect on the subject debt.

13. That in or about January of 2009, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That on or about January 20, of 2009, Defendant collector named Patrick called Plaintiff's work cell phone. Plaintiff informed Defendant that she was disputing the debt. Defendant told Plaintiff that she had 10 business days to pay the debt in full or else Defendant would go to the Erie County court house and file a lawsuit. Plaintiff then informed Defendant that it was inconvenient to call her at work, that her employer prohibited such calls, and to cease all further calls. Defendant promptly hung up on Plaintiff.

15. That on or about January 20, of 2009, Plaintiff called Defendant back after she was hung up on. Plaintiff spoke with a different customer service representative. Defendant informed Plaintiff that a dispute form would be sent and that her number would be taken out of the system.

16. That on or about January 26, of 2009, Plaintiff received another call from Defendant on her work cell phone. Plaintiff again communicated that she was disputing the debt, that it was inconvenient for Defendant to call her work phone, and to cease all calls. Defendant apologized and again assured Plaintiff her phone number would be removed from the system.

17. That on or about January 27, of 2009, Plaintiff received another call from Defendant on her work cell phone. Plaintiff asked Defendant to review their notes because Plaintiff was disputing the debt and requested that Defendant cease contacting Plaintiff. Defendant said that they had no notes, and they had no idea what Plaintiff was talking about. Defendant then responded that Plaintiff owed the debt and that she could pay it "voluntarily or involuntarily."

18. That Plaintiff understood Defendant's aforementioned statements, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendant would commence legal/adverse actions or use

violence or other criminal means to harm the Plaintiff or Plaintiff's property, unless Plaintiff submitted to Defendant's demands.

19. That on or about February 16, of 2009, Defendant again contacted Plaintiff on her work cell phone. Plaintiff again explained it was inconvenient to call her work phone, she was disputing the debt, and to cease all calls. Defendant and Plaintiff proceeded to argue and Defendant told Plaintiff "you need to pay the fucking bill" and you "need to pay it today." Plaintiff asked Defendant if she normally spoke to customers like that and Defendant replied you're not a customer you're a debtor and you need to lose the attitude.

20. That on or about February 16, of 2009, Plaintiff requested to speak with a supervisor after speaking with a customer service representative. Plaintiff informed the supervisor of the previous conversation with the customer representative. Defendant supervisor replied in the same exact manner and said "you need to pay the fucking bill." Plaintiff then informed Defendant that calls were being made to her work cell phone and that Plaintiff's employer prohibited such calls. Defendant replied it was a personal number. Plaintiff informed Defendant that they left a message on her voice mail and if they listened to her greeting message, they should have realized the phone was for work because the greeting so states. Defendant placed Plaintiff on hold and proceeded to call Plaintiff's work phone and left a message to call them. When defendant got back on phone with Plaintiff she admitted she heard the message but said it didn't matter and that Plaintiff still needed to pay the bill. Defendant then hung up on Plaintiff.

21. That on about February 16, of 2009, Plaintiff received another call from Defendants after speaking with the supervisor. This caller's name was Joseph and said he monitored the prior calls and didn't agree with the way Plaintiff was treated, and wanted to know if he could help her. Joseph then proceeded to offer Plaintiff an "out of court settlement," for forty cents on the dollar. Plaintiff refused and said that she was disputing the debt.

22. On or about February 16, of 2009, Plaintiff, after speaking with Joseph, faxed to Defendants a cease and desist letter. Since then Defendants have not contacted Plaintiff.

23. That as a result of the Defendant's actions, Plaintiff became nervous, upset, anxious and suffered from emotional distress

### V. CAUSE OF ACTION

24. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

25. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1), and 15 U.S.C. §1692c(a)(3) by contacting the Plaintiff at work, when Defendant knew such communications were inconvenient and prohibited by Plaintiff's employer.

B. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass, and for using profane and abusive language.

C. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(1), 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by using false and misleading representations when stating Plaintiff has 10 business days to pay the debt in full or else Defendant would go to the Erie County court house and file a lawsuit", an action Defendant didn't intend to take, and when Defendant said Plaintiff could pay the debt either "voluntarily or involuntarily," the natural consequence of such language was to harass, oppress, and abuse Plaintiff.

26. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages

(b) Statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 11, 2009

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com